UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MUHAMED PATHE BAH, § | |
| "Petitioner," § | |
| § | |
| v. § | Civil Action No. 1:23-cv-00166 |
| § | |
| UNITED STATES OF AMERICA, § | |
| "The Government." § | |

## ORDER

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 48) and Petitioner's "Objections to Magistrate Judge's R&R" ("Objections") (Dkt. No. 49). The Magistrate recommended that this Court: "(1) **GRANT** the Government's Motion for Summary Judgment on Bah's first and second claims; (2) **DISMISS** all three of Bah's claims; (3) **DECLINE** to issue a certificate of appealability; and (4) **DIRECT** the Clerk of Court to close this case" Dkt. No. 48. Upon a de novo review, the Court **ADOPTS** the R&R (Dkt. No. 48).

### I.   BACKGROUND

On June 26, 2020, Petitioner robbed a bank in Harlingen, Texas, during which he shot a bank teller in the head. Dkt. No. 4 at 8-9. Later, a grand jury indicted Petitioner on one count of robbery in violation of 18 U.S.C. § 2113(a) and (d) ("Count One") and one count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("Count Two"). Dkt. No. 3 at 97. Ultimately, this Court sentenced Petitioner to twenty-five years' incarceration on Count One and life imprisonment on Count Two. CR Dkt. No. 80 at 24–25.[1]

Now seeking habeas relief, Petitioner claims he received ineffective assistance of counsel during his sentencing. Dkt. No. 3 at 2–3. He argues that his counsel failed: (1) "to present mitigating evidence to explain Bah's history of mental illness"; (2) "to object to make fundamental objections to . . . Bah's case"; and (3) "to present all formal plea offers." *Id.*

### II.   STANDARD OF REVIEW

If a party objects to a magistrate's ruling, the district court will review that determination de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

---

[1] The Court references the docket in this § 2255 action using the "Dkt." designation. The Court references the docket in Petitioner's underlying criminal cause, No. 1:20-cr-00433-1, using the "CR Dkt." designation.

1

## III. DISCUSSION

Petitioner first objects to the Magistrate's finding that "Bah's family members reached out to Counsel to be involved in and *to request notice of Bah's sentencing date*." Dkt. No. 48 at 10 (emphasis added). Upon review of the record, this Court finds that Petitioner's family tried to contact counsel to get involved with Petitioner's case but agrees that it is unclear whether they also requested notice of his sentencing date.[2] Thus, Objection One is **SUSTAINED.**

Petitioner next objects to the Magistrate's finding that "the Court possessed the PSR, which included, among other things, information gleaned from *interviews with Bah's mother* and sister summarizing Bah's mental health history." Dkt. No. 48 at 19 (emphasis added). Petitioner claims there is error as Probation never received mental health information from Petitioner's mother. Yet the PSR states that his "personal and family history was corroborated by… his mother, Satoumata Binta Miller, on August 5, 2021, via a telephonic interview." Dkt. No. 4, at 19 ¶ 67. Thus, the Court finds no error. Objection Two is **OVERRULED.**

Petitioner's third Objection is that the Magistrate erroneously applied a summary judgment standard to a § 2255 habeas action. Dkt. No. 49 at 2. As Petitioner notes, however, the Fifth Circuit approves the use of summary judgment for these types of cases. *Randle v. Scott*, 43 F.3d 221, 226 (5th Cir. 1995). Thus, the Court finds no error. Objection Three is **OVERRULED.**

Petitioner's fourth Objection relies on a finding that the Magistrate erred with Objection Three. The Court found no error. Objection Four is **OVERRULED.**

Petitioner's next objection is that the Magistrate erred when granting summary judgment on his first ineffective assistance claim because "there is a genuine issue of material fact about whether trial counsel was *deficient* for failing to investigate… mitigation evidence." Dkt. No 49 at 4 (emphasis added). Petitioner misstates the standard though because whether counsel performance is deficient is a legal determination, not an issue of fact. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Moreover, the underlying material facts that the Magistrate considered in making this determination were undisputed. Finding no error with the Magistrate's analysis, Objection Five is **OVERRULED.**

Objection Six is **OVERRULED;** it merely reiterates the same argument related to Petitioner's second and third ineffective assistance claims.

---

[2] The Court notes this for the sake of an accurate record. This finding does not change the Court's final judgment.

After reviewing the evidence, the Magistrate found that Petitioner failed to make a "substantial showing of denial" of his right to effective assistance of counsel, which is required to issue such a certificate. *See generally* Dkt. No. 48; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Objection Seven is **OVERRULED** because "reasonable jurists" would agree that the Magistrate carefully analyzed that Petitioner's counsel's performance was reasonable. *See Miller-El*, 537 U.S. at 336 (citing standard for certificate of appealability).

Petitioner's eighth Objection is that the Magistrate misapplied the standard governing the reasonableness of Petitioner's counsel's performance. Dkt. No. 49 at 7. Specifically, Petitioner argues that the Magistrate did not properly hold Petitioner's previous counsel to their duty of investigating mitigating evidence. *Id.* Upon a de novo review, the Court finds no error with either counsel or the Magistrate's application of law. Objection Eight is **OVERRULED.**

## IV. CONCLUSION

For these reasons, Petitioner's Objections (Dkt. No. 49) are **OVERRULED (except for Objection 1, which does not affect this order)..** The R&R (Dkt. No. 48) is **ADOPTED.** The Court **GRANTS** the Government's "Motion for Summary Judgment and Response" (Dkt. No. 16) as to Petitioner's first and second claims and **DISMISSES with prejudice** all three of his claims. A certificate of appealability is **DENIED,** and the Clerk of the Court is **ORDERED** to close this case.

Signed on this 9th day of October, 2024.

Rolando Olvera
United States District Judge